UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE P. UMBERGER, II, *et al.*, | Case No. 2:24-cv-1169-KJM-JDP (PS) |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF FOLSOM, *et al.*, | |
| Defendants. | |

Plaintiffs bring this action against thirteen defendants[1] in connection with a SWAT raid on their residence in Folsom, California. The complaint's allegations are, for screening purposes, sufficient to state a cognizable claim, and I will direct service on defendants. I will also grant plaintiffs' applications to proceed *in forma pauperis*, ECF Nos. 2, 3, & 4, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).[2]

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

---

[1] The named defendants are the City of Folsom, Joseph Howard, Brian Lockhart, Roman Kehm, Zachary Wells, John Wagner, Brandon Monsoor, Paul Rice, Derek Koupal, Michael Austin, Joshua Sena, Eathan Vavack, and John Moniz.

[2] Plaintiff Savannah Bailey submitted two identical applications to proceed *in forma pauperis*. *See* ECF Nos. 4 & 5. Her second application, ECF No. 5, will be denied as unnecessary.

1  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon
2  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
3  relief. *Id.*

4       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
7  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
8  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
9  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
10 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
12 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13 n.2 (9th Cir. 2006) (en banc) (citations omitted).

14      The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
15 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21      **Analysis**

22      Plaintiffs alleges that, on the morning of July 13, 2023, a SWAT team from the City of
23 Folsom consisting of defendants Kehm, Wells, Rice, Koupal, Monsoor, Austin, Sena, and Moniz,
24 approached their residence and demanded entry. ECF No. 1 at 6. They claim that, once inside,
25 excessive force was used against plaintiffs, and that their residence and a separate place of
26 business were subject to an unauthorized search. *Id.* at 7-9. Plaintiffs allege that the raid and its
27 attendant searches and uses of force were undertaken at the direction of defendant Howard, a
28 detective. *Id.* at 6. They also claim that the City of Folsom has a custom and practice of

1  unnecessary SWAT deployment and of retaining officers with a propensity for violence. *Id.* at 9,
2  13. These allegations are, for screening purposes, sufficient to sustain the section 1983 claims
3  raised in the complaint.
4      Accordingly, it is hereby ORDERED that:
5      1. Plaintiffs' applications to proceed *in forma pauperis*, ECF Nos. 2, 3, & 4, are
6  GRANTED.
7      2. Plaintiff Savannah Bailey's second application to proceed *in forma pauperis*, ECF No.
8  5, is DENIED as unnecessary.
9      3. Service is appropriate on defendants City of Folsom, Joseph Howard, Brian Lockhart,
10 Roman Kehm, Zachary Wells, John Wagner, Brandon Monsoor, Paul Rice, Derek Koupal,
11 Michael Austin, Joshua Sena, Eathan Vavack, and John Moniz.
12     4. The Clerk of the Court is directed to issue process and to send plaintiffs an instruction
13 sheet for service of process by the United States Marshal, thirteen USM-285 forms, a summons
14 form, and an endorsed copy of plaintiffs' complaint filed April 22, 2024. ECF No. 1.
15     5. Within sixty days after this order is served, plaintiffs shall supply the U.S. Marshal all
16 information needed by the Marshal to effect service of process. The required documents shall be
17 submitted directly to the United States Marshal either by personal delivery or by mail to: United
18 States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).
19 The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at
20 least:
21         a. One completed summons;
22         b. One completed USM-285 form;
23         c. One copy of the endorsed complaint, with an extra copy for the U.S. Marshal;
24 and
25         d. One copy of the instant order.
26     6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on
27 a defendant within ninety days of receiving this order the Marshal is directed to report that fact,
28 and the reasons for it, to the undersigned.

3

   7. Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiffs shall file with this court a declaration stating the date on which plaintiffs submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

   8. Within sixty days after receiving the necessary materials from plaintiffs, the United States Marshal is directed to serve process on defendants without prepayment of costs.

   9. Plaintiffs are cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:  April 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4