UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE P. UMBERGER, II et al.

Plaintiffs,

v.

CITY OF FOLSOM et al.,

Defendants.

No. 2:24-cv-01169-DJC-JDP

ORDER

Plaintiffs bring this action based on officers' alleged use of excessive force and unlawful detention during the execution of a search warrant by the Folsom Police Department's SWAT team on July 13, 2023. Plaintiffs also bring claims against the City of Folsom ("Folsom") under a *Monell* theory of liability, claiming that Folsom failed to properly supervise, train, and discipline its officers. Pending before the Court is a motion by Folsom to dismiss the second, third, fourth, and fifth claims for relief against Defendant Howard; the second, third, fourth, and fifth claims for relief against Folsom; the official capacity claims against individual defendants; and the *Monell* claims against Folsom pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 34.) For the reasons explained below, the Court grants in part and denies in part to Motion to Dismiss with leave to amend.

## BACKGROUND

In the First Amended Complaint ("FAC"), Plaintiffs allege that on July 13, 2023, Plaintiffs were awoken at their residence in a multi-unit apartment complex by the Folsom Police Department's SWAT team "pounding" on their door. (*See* FAC (ECF No. 29) ¶ 30.) The SWAT team, by request of Defendant Detective Howard, arrived in their military-grade Armored Personnel Carrier to execute a search warrant for Plaintiff Umberger for an alleged eavesdropping violation. (*Id*. ¶ 28.) The officers forced the door of the unit open using a battering ram less than one minute after knocking and announcing. (*Id*. ¶ 31.)

Plaintiffs allege that there were eight SWAT officers at their door armed with loaded automatic M4 carbine assault rifles with suppressors attached, with three SWAT officers pointing their loaded weapons directly at Plaintiff King and Plaintiff Umberger. (*Id*. ¶¶ 33-34.) Defendant Officers proceeded to remove Plaintiff King and Plaintiff Bailey from the apartment and led them to the community parking lot, where there were over a dozen officers, a military-grade armored personnel vehicle, drones, riot shields, and a K-9 unit. (*Id*. ¶¶ 37-38.) The officers handcuffed Defendant Umberger and removed him from the apartment without allowing him to get dressed. (*Id*. ¶ 42.)

Plaintiffs assert that after failing to find any evidence of eavesdropping on the electronic devices in the apartment, Defendant Officers took Plaintiff Umberger to his place of business in Orangevale, CA and forced him to sit on the ground outside of his store while remaining handcuffed. (*Id*. ¶¶ 46-48.) Defendant Officers refused Plaintiff Umberger's requests to be moved away from the view of the public. (*Id*. ¶ 50.)

Plaintiffs brought this action on April 22, 2024 asserting eight causes of action for (1) unreasonable search and seizure under the Fourth Amendment and 42 U.S.C. § 1983 against Folsom and Defendants Howard and Wagner; (2) unreasonable search and seizure and excessive force under the Fourth Amendment and 42 U.S.C. § 1983 against Folsom and Defendants Lockhart, Howard, and Koupal; (3) unreasonable

seizure of persons and excessive force and detention under the Fourth Amendment and 42 U.S.C. § 1983 against Folsom and Defendants Lockhart, Kehm, Wells, Austin, and Howard; (4) excessive force battery under the Fourth Amendment and 42 U.S.C. § 1983 against Folsom and Defendants Austin and Howard; (5) unreasonable seizure of person and excessive handcuffing under the Fourth Amendment and 42 U.S.C. § 1983 against all Defendants; (6) failure to intervene under the Fourth Amendment and 42 U.S.C. § 1983 against Defendants Monsoor, Vavack, Rice, and Moniz; (7) a *Monell* claim for municipal liability for failure to supervise, hire, train, and discipline under the Fourth Amendment and 42 U.S.C. § 1983 against Folsom; and (8) a *Monell* claim for municipal liability for unconstitutional custom or policy under the Fourth Amendment and 42 U.S.C. § 1983 against Folsom. (FAC ¶¶ 100-182.)

Defendant filed a Motion to Dismiss on April 2, 2026, seeking dismissal of the second, third, fourth and fifth claims against Defendant Howard; the second, third, fourth, and fifth claims against Folsom; the seventh claim against Folsom; and the eighth claim against Folsom. (Mot. (ECF No. 34) at 2.) This matter is fully briefed (Opp'n (ECF No. 39); Reply (ECF No. 41)) and was taken under submission without oral argument under Local Rule 230(g) (ECF No. 44).

**LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While the Court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019), if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679. However, a court may not assume that the plaintiff "can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## DISCUSSION

### I. Claims Against Defendant Howard

Plaintiffs include Defendant Howard in their second, third, fourth, and fifth claims of unconstitutional conduct. Defendants claim that the FAC lacks adequate factual allegations of an affirmative act or participation by Defendant Howard to support claims against Defendant Howard specifically.

Vicarious liability is inapplicable to section 1983 suits. Therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A person deprives another of a constitutional right within the meaning of section 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). A supervisor may be held liable as an "integral participant" under section 1983 when "(1) the defendant knows about and acquiesces in the constitutionally defective conduct as part of a common plan with those whose conduct constitutes the violation" or "(2) the

defendant 'set[s] in motion a series of acts by others which [the defendant] knows or reasonably should know would cause others to inflict the constitutional injury.'" *Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir. 2022).

Here, Plaintiffs identify Defendant Howard as "the agent in charge of the scene and the affiant for the search warrant affidavits relevant to this claim." (FAC ¶ 10.) They further allege that the SWAT team arrived at Defendant Howard's request. (FAC ¶ 28.) In addition, Plaintiffs claim that each of Defendants' actions violating Plaintiff Umberger's constitutional rights were "a direct and proximate result of Defendant Howard's misleading search warrant affidavit." (FAC ¶¶ 105, 121, 133, 145.)

Treating these factual allegations as true, Defendant Howard meets the requirements to be held liable as an integral participant in the alleged actions outlined in the FAC. Therefore, the Court denies the motion to dismiss the second, third, fourth, and fifth claims for relief against Defendant Howard.

**II. Claims Against Defendant Folsom**

Under the Supreme Court's decision in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), local governments may be held liable under section 1983 for wrongs done by the local government itself. A municipality or other local government entity is subject to *Monell* liability when that government, "under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Monell*, 436 U.S. at 692. A municipality, however, cannot be held liable solely for the purported constitutional violations of its employees, "or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 691. The municipality itself must have acted through an official municipal policy or custom. Id. at 694.

The Ninth Circuit has recognized four theories for establishing municipal liability under *Monell*: "(1) an official policy; (2) a pervasive custom or practice; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). To

plead a *Monell* claim and withstand a Rule 12(b)(6) motion to dismiss, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr*, 652 F.3d at 1216).

Plaintiff offers two theories of Monell liability against Folsom: failure to train, and an unconstitutional custom or practice (FAC ¶¶ 157-182).

**A. Failure to Train**

A municipality's failure to train employees can be a basis for section 1983 liability. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). In order to successfully state a failure to train claim under *Monell*, "a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021). The government's omission must amount to "deliberate indifference" to a constitutional right. *City of Canton*, 489 U.S. at 390. "Proof of random acts or isolated events does not satisfy the plaintiff's burden to establish a custom or policy." *Picray v. Sealock*, 138 F.3d 767, 772 (9th Cir. 1998). "An inadequate training policy itself cannot be inferred from a single incident." *Hyde v. City of Willcox*, 23 F.4th 863, 874–75 (9th Cir. 2022).

Plaintiffs offer no facts about the City of Folsom's police training programs or policies. The only factual allegations included concern the acts of the individual officer Defendants towards Plaintiffs themselves. (See FAC ¶¶ 157-166.) In other words, as currently drafted the Complaint appears to take the facts in this case as an indication that the City of Folsom improperly trained its police officers. As stated above, however, a single incident itself is not sufficient to infer an inadequate training policy. *Hyde,* 23 F.4th 863, 874. Therefore, Plaintiffs have not plead facts that are

sufficient to show a deliberate or conscious policy choice by Folsom in training its police force. However, it is not clear at this stage that amendment would be futile. Therefore, the Court grants the motion to dismiss claim seven with leave to amend.

**B. Unconstitutional Custom or Practice**

Plaintiffs also claim *Monell* liability based on an unconstitutional custom or practice. (FAC ¶ 168.) To establish this theory of section 1983 municipal liability, a plaintiff "may attempt to prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded. *Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992).* "Proof of random acts or isolated events does not satisfy the plaintiff's burden to establish a custom or policy." *Picray v. Sealock*, 138 F.3d 767, 772 (9th Cir. 1998).

Here, Plaintiffs do not cite evidence of repeated constitutional violations. Instead, they rely on the alleged facts of the present case to state their claim. This does not provide a sufficient factual basis for *Monell* liability due to an unconstitutional custom or practice. However, in their Opposition to Defendants' Motion to Dismiss, Plaintiffs provide further detail on a *Monell* claim based on a ratification theory. (Opposition (ECF 39) at 15.) If properly pled, this may be sufficient to state a claim. Therefore, the Court grants the motion to dismiss claim eight with leave to amend.

*////*

*////*

*////*

*////*

*////*

*////*

*////*

*////*

*////*

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 34) is GRANTED in part and DENIED in part as follows:

1. Defendant's Motion to Dismiss claims 2, 3, 4, and 5 of the First Amended Complaint against Defendant Howard is DENIED;
2. Claims 2, 3, 4, and 5 of the First Amended Complaint against the City are DISMISSED[1]
3. Claims 7 and 8 are DISMISSED with leave to amend;
4. Plaintiff has 21 days from the docketing of this Order to file a Second Amended Complaint. Defendants will have 21 days after the docketing of the Second Amended Complaint to file their next responsive pleading.

IT IS SO ORDERED.

Dated: **August 5, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

[1] The parties agree that Plaintiff's official capacity claims should be stricken.